UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE SWAFFORD, | No. 2:19-cv-0721 AC P |
| Plaintiff, | |
| v. | ORDER |
| R. NEUSHMID, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed May 9, 2019, the undersigned screened the complaint and dismissed it with leave to amend. ECF No. 12. Plaintiff has now filed a first amended complaint. ECF No. 17.

I.     <u>First Amended Complaint</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The first amended complaint alleges that Warden Robert Neushmid, Associate Warden T. Wamble, Dr. Jason Rohrer, R.N. Amor Oller, and correctional officers Buckner and Johnson violated plaintiff's rights under the Eighth Amendment. ECF No. 17 at 2, 4. Plaintiff alleges that on April 28, 2018, he was reaching for a cup while on the top bunk and felt a sharp pain in his

1

lower back and right hip that caused him to fall on the floor. Id. at 3. Johnson, who was on duty at the time of the fall, summoned medical assistance and then questioned plaintiff about his physical condition while plaintiff was in serious pain. Id. at 11. Plaintiff further alleges that Johnson "implied [sic] force to plaintiff several time over the past four (4) months to the top bunk." Id. As a result of the fall, plaintiff injured his neck and was given a temporary accommodation for a lower bunk. Id. at 3, 6. When the lower bunk chrono expired, Rohrer refused to renew it and told plaintiff that he didn't care about plaintiff's health issues. Id. at 7. Wamble allegedly denied plaintiff's appeal related to the Rohrer's refusal of a permanent low bunk chrono. Id. at 6.

On an unspecified date, plaintiff was seen by Oller, who it appears transported plaintiff to the clinic and placed him in a "letdown chair" until a medical technical assistant (MTA) arrived. Id. at 9. Plaintiff told the MTA that he had been injured when he fell on April 28, 2018, and the MTA had the on-call physician come and examine plaintiff. Id. The physician confirmed that plaintiff had injuries from his fall, but he was not provided a neck or back brace during his transport to or from the clinic and was given a bag of ice for his neck instead of pain medication. Id. at 10. At some point after plaintiff's low bunk chrono expired, Buckner assigned plaintiff to an upper bunk, even though he was aware of plaintiff's medical issues. Id. at 10-11.

Finally, plaintiff claims that Neuschmid failed to train custody staff on the appropriate use of force, how to determine an inmate's housing needs for medical healthcare, unreasonable medical treatment, and the appropriate manner in which to conduct a medical transport. Id. at 4-5. He also failed to supervise or discipline the other defendants and failed to investigate the incident. Id. at 5. Plaintiff alleges that as a result of the fall on April 28, 2018, he injured his right hip joint, had bone damage, and suffers from daily neck pain and chronic migraines. Id. at 3, 12.

II. Failure to State a Claim

A. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

2

1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant subjectively "'knows of and disregards an excessive risk to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citations omitted); Toguchi, 391 F.3d at 1058 (citation omitted). Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff has failed state a claim for relief against any of the defendants. With respect to Johnson, plaintiff alleges that after he fell off the bed, Johnson summoned medical assistance. ECF No. 17 at 11. Although plaintiff claims that he was in serious pain while Johnson questioned him about his condition and they waited for medical staff to arrive, it is unclear what further action plaintiff believes that Johnson, a correctional officer, could or should have taken. To the extent plaintiff seems to allege that in the months leading up to his fall Johnson used force to make plaintiff use the top bunk, there are no facts that would support the use of force was excessive or that Johnson had reason to know that requiring plaintiff to use the top bunk would pose a serious risk to plaintiff's health or safety. With respect to defendants Rohrer, Wamble, and Buckner, plaintiff fails to explain how he was injured by the denial of a permanent low bunk

3

chrono and requiring him to use an upper bunk after the temporary chrono expired. There are no facts as to why plaintiff continued to require a low bunk chrono, and the only injuries plaintiff alleges are from the fall on April 28, 2018. As to defendant Oller, plaintiff's only allegation is that Oller transported him to the medical clinic and put him in a "letdown chair." Id. at 9. It is not clear whether this occurred on the day of the fall or on some other date, nor is it clear what injury plaintiff suffered. To the extent plaintiff may be attempting to allege that Oller failed to provide him with a neck or back brace during the transport, it is unclear what injury plaintiff suffered as a result of that failure. Finally, while plaintiff claims that he was given a bag of ice instead of pain medication, he fails to identify which defendant denied him pain medication.

B. Supervisory Liability

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

////

Plaintiff's conclusory assertions that Neuschmid failed to train and supervise the other defendants are insufficient to support any claims for relief and appear to be based solely on Neuschmid's position as warden. Furthermore, since plaintiff has failed to sufficiently allege any violations of his rights by the other defendants, any claims against Neuschmid for failing to train or supervise those defendants must also fail.

### III. Leave to Amend

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV. Plain Language Summary of this Order for a Pro Se Litigant

The first amended complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. You have not explained how each defendants'

actions ignored a risk to your health or safety and caused you injury.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in your previous complaints. **Any claims and information not in the second amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The first amended complaint is dismissed with leave to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 14, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE