UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE SWAFFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>R. NEUSHMID, et al.,<br><br>    Defendants. | No. 2:19-cv-0721 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a document entitled "complaint for declaratory relief and monetary damages." ECF No. 36. The purported complaint appears to reiterate the claims contained in the operative second amended complaint and to extend a settlement offer to defendant. Id.

To the extent plaintiff is attempting to amend the complaint, a party may amend a complaint once as a matter of course within twenty-one days of serving it or within twenty-one days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). For any other amendments, plaintiff must have the written consent of defendant or leave of the court. Fed. R. Civ. P. 15(a)(2). Plaintiff has already amended the complaint twice, and even if he were proceeding on the original complaint, he would be well outside the time for amending as a matter of course. Accordingly, he may only amend the complaint if he has the written permission of defendant or leave of the court. Plaintiff has not moved for leave to amend. Moreover, the amended

complaint contains the same claims against defendant Rohrer on which the case is already proceeding.[1]

To the extent plaintiff is attempting to negotiate a settlement with defendant, plaintiff should communicate directly with defense counsel and refrain from filing related documents with the court. Because defendant opted out of the early ADR program for prisoner cases, see ECF No. 29, the court is not currently involved in any attempts to settle the case.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to strike plaintiff's complaint and request for settlement, ECF No. 36, from the record.

DATED: January 24, 2020

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the complaint also identifies Neushmid as a defendant, it contains no allegations against him other than conclusory assertions of supervisory liability that were previously found to be insufficient.

2